UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RUSSELL ALEXANDER (#466172)

VERSUS                                         CIVIL ACTION

STATE OF LOUISIANA PAROLE                      NUMBER 13-155-BAJ-SCR
BOARD, ET AL

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 22, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RUSSELL ALEXANDER (#466172)

VERSUS                                          CIVIL ACTION

STATE OF LOUISIANA PAROLE                       NUMBER 13-155-BAJ-SCR
BOARD, ET AL

### MAGISTRATE JUDGE'S REPORT

Plaintiff was ordered to show cause why his complaint should not be dismissed for failure to pay the court's filing fee. Record document number 7.

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Board of Pardons and Parole and unidentified state legislators. Plaintiff alleged he is now serving a life sentence following a murder conviction. Plaintiff alleged that in order to become eligible for parole, he must first have his sentence commuted. Plaintiff alleged that following his 1966 conviction, Louisiana altered its commutation process. Plaintiff alleged that the application of the new process to him violates the *ex post facto* provisions of the United States Constitution. As relief, the plaintiff sought an order requiring prison officials to grant him an immediate parole hearing.

On August 5, 2013, the plaintiff was ordered to pay an initial partial filing fee in the amount of $3.56 within 20 days. Record

document number 6.  Plaintiff was placed on notice that it was his responsibility to pay the initial partial filing fee.

On September 27, 2013, the plaintiff was ordered to show cause on October 11, 2013, why his complaint should not be dismissed for failure to pay the initial partial filing fee.  In addition to filing a written response, the plaintiff was ordered to file copies of his inmate account statements for the months of March, April, May, June, July, August, September and October 2013.  Plaintiff was placed on notice that the failure to respond to the order and to file the monthly statements may result in the dismissal of his complaint.

Although the plaintiff filed a response to the show cause order, the response supports the claims raised in the complaint rather and does not address his failure to pay the initial partial filing fee.  Additionally, the plaintiff failed to file the monthly account statements as ordered.

The monthly account statements contain information regarding the plaintiff's daily account activity.  Specifically, the account statements contain information regarding deposits, withdrawals and canteen purchases.  The information contained in the monthly statements would show whether the plaintiff had money to spend following the issuance of the order to pay the filing fee and whether the plaintiff spent the money on something other than the filing fee.

Because the plaintiff failed to pay the court's initial partial filing fee, and failed to respond to the show cause order with an explanation for his failure to pay the initial partial filing fee and to file the account statements as required, the complaint should be dismissed without prejudice.[1]

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice for failure to pay the court's filing fee.

Baton Rouge, Louisiana, October 22, 2013.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] Because of the nature of the claim made and the relief sought, the plaintiff's claim would not be prescribed if has to file a new complaint since he did not allege that he applied for a parole hearing and was denied based on the application of any state law he is challenging.
  More importantly, the Fifth Circuit has held that changes in Louisiana's commutation laws did not violate the *Ex Post Facto* Clause.  *Howard v. Clark*, 719 F.3d 350 (5th Cir. 2013).